## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

**CARMELO DIMARTINO,**

     **Plaintiff,**

**vs.**

**KODAK ALARIS INC.**

     **Defendant.**

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff Carmelo DiMartino ("Plaintiff" or "DiMartino"), by and through his undersigned attorneys, sues the Defendant, Kodak Alaris Inc. ("Kodak") and alleges as follows.

## JURISDICTION AND VENUE

1.     Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331 because this civil action arises under the Constitution, laws, or treaties of the United States.

2.     Venue lies within the United States District Court for the Middle District of Florida, Tampa Division, in accordance with 28 U.S.C. § 1391(b) because Plaintiff resides in this Judicial District and because a substantial part of the events giving rise to this claim occurred in this Judicial District.

## PARTIES

3.     Plaintiff is a resident of Hillsborough County, Florida.

4.     Defendant Kodak is a foreign corporation, licensed and authorized to conduct business in the State of Florida and doing business within Hillsborough County.

5.     Defendant is an employer as defined by the laws under which this action is brought and employs the required number of employees.

## ADMINISTRATIVE PREREQUISITES

6.     Plaintiff filed a timely Charge of Discrimination with the Equal Opportunity Employment Commission ("EEOC") and the Florida Commission on Human Relations ("FCHR").

7.     All conditions precedent to bringing this action have occurred under the Age Discrimination in Employment Act as more than sixty (60) days have passed since the filing of Plaintiff's Charge of Discrimination.

8.     Plaintiff intends to move for leave of court to file his claims under Fla. Stat. Chap. 760 once the 180 days have passed since filing the Charge of Discrimination.

## GENERAL ALLEGATIONS

9.     At all times material, Defendant acted with malice and with reckless disregard for Plaintiff's Federal and State protected rights.

10. At all times material, Plaintiff was qualified to perform his job duties within the legitimate expectations of his employer.

11. Plaintiff has been required to retain the undersigned counsel to represent him in this action and is obligated to pay them a reasonable fee for their services.

12. Plaintiff requests a jury trial for all issues so triable.

## FACTS

13. Plaintiff began his employment on or about November 9, 2019, as a Partner Business Manager.

14. Plaintiff is a qualified individual with a disability and suffers from a serious health condition.

15. Plaintiff had an unblemished personnel file.

16. Plaintiff is a 62-year-old male.

17. On or about October 4, 2021, Plaintiff and his sales team received a new manager, Fred Sherman, a male in his 40s.

18. Sherman immediately added two new Salesmen in their late 20s or early 30s to the existing national team of five.

19. On October 5, 2021, Plaintiff informed his new manager that he was under doctor's care and would keep him advised as to the days he would need to be

3

absent for treatment.

20.    Plaintiff also placed his absence for treatment on a shared calendar once they were scheduled by his doctor.

21.    On that same day, October 5, 2021, Plaintiff was formally approved for FMLA leave due to his serious health condition.

22.    On October 11, 2021, during Plaintiff's Monday Manager call, Plaintiff was told by Sherman "your position at Kodak is tenuous at best".

23.    On February 1, 2022, Plaintiff without warning was terminated.

## COUNT I
## AGE DISCRIMINATION PURSUANT TO THE AGE DISCRIMINATION IN EMPLOYMENT ACT

24.    Plaintiff realleges and adopts the allegations in paragraphs 1 through 23 as if set out in full hereafter.

25.    Plaintiff is a member of a protected class under the Age Discrimination in Employment Act.

26.    By the conduct described above, Defendant engaged in unlawful employment practices and discriminated against Plaintiff on account of his age in violation of the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq.*

27.    Defendant knew or should have known of the discrimination.

28.    As a result of Defendant's unlawful conduct, Plaintiff has suffered and

continues to suffer damages, including, but not limited to, the following:

     a.    Back pay and benefits;

     b.    Interest on back pay and benefits;

     c.    Front pay and benefits;

     d.    Liquidated damages;

     e.    Injunctive relief;

     f.    Costs and attorney's fees;

     g.    For any other relief this Court deems just and equitable.

## COUNT II
## FAMILY MEDICAL LEAVE ACT – INTERFERENCE

29. Plaintiff realleges and adopts the allegations stated in Paragraphs 1 – 23.

30. Defendant's actions interfered with Plaintiff's lawful exercise of his FMLA rights.

31. Defendant's actions constitute violations of the FMLA.

32. As a result of Defendant's unlawful actions Plaintiff has suffered damages.

WHEREFORE, Plaintiff prays for judgment against Defendant for the following damages:

     a.    Back pay and benefits;

b.      Interest;

c.      Liquidated damages;

d.      Attorney's fees and costs;

e.      Equitable relief;

f.      Such other relief as is permitted by law.

## COUNT III
## (FMLA DISCRIMINATION/RETALIATION)

33.     Plaintiff realleges and adopts the allegations stated in Paragraphs 1 – 23.

34.     Defendant retaliated against Plaintiff for asserting his FMLA rights.

35.     Defendant's actions constitute violations of the FMLA.

36.     As a result of Defendant's actions Plaintiff has suffered damages.

WHEREFORE, Plaintiff respectfully requests all legal and equitable relief allowed by law including judgment against Defendants for prejudgment interest, payment of reasonable attorneys' fees and costs incurred in the prosecution of the claim and such other relief as the Court may deem just and proper.

Dated this 6th  day of June 2022.

FLORIN GRAY BOUZAS OWENS, LLC

/s/Wolfgang M. Florin
WOLFGANG M. FLORIN, ESQUIRE
Florida Bar No.907804

6

wflorin@fgbolaw.com
CHRISTOPHER D. GRAY, ESQUIRE
Florida Bar No. 0902004
cgray@fgbolaw.com
16524 Pointe Village Drive, Suite 100
Lutz, FL 33558
Telephone (727) 220-4000
Facsimile (727) 483-7942
Attorneys for Plaintiff

7